IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JESSE AICH,

    **Plaintiff,**

    v.                                                                   CASE NO. 25-3231-JWL

DANIEL GILIGAN,

    **Defendant.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Jesse Aich is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

## I. Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff names a state court judge as the sole defendant and alleges that the judge took advantage of Plaintiff's possible ignorance by getting Plaintiff to agree to laws "that are in fact contrary to the law then flat out lied to [Plaintiff] about the law." (Doc. 1, at 2.) Plaintiff alleges that the judge is "using tactics not legal to violate [Plaintiff's] due process." *Id*. Plaintiff alleges that before the judge would allow Plaintiff to represent himself, the judge advised Plaintiff that he would be held to the same standard as a lawyer, would not get certain discovery, and would not have the same access to the law as a lawyer. *Id*. at 3. Plaintiff alleges that the judge tried to tell Plaintiff that his speedy trial had not begun to run, even though he was four months into his proceedings. *Id*. Plaintiff alleges that the judge "lied" when he stated that the preliminary hearing needed to be continued to find a witness, even though the state's witnesses were present. *Id*.

1

Plaintiff cites 18 U.S.C. §§ 242 and 245 in his request for relief and states that he would like to have the judge "arrested and fined as well as monetary damages." *Id.* at 5.

## II. Statutory Screening

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a

2

complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. DISCUSSION

**1. Judicial Immunity**

Plaintiff names a state court judge as the sole defendant. State court judges are entitled to personal immunity. "Personal immunities . . . are immunities derived from common law which attach to certain governmental officials in order that they not be inhibited from 'proper

3

performance of their duties.'" *Russ v. Uppah*, 972 F.2d 300, 302–03 (10th Cir. 1992) (citing *Forrester v. White*, 484 U.S. 219, 223, 225 (1988)).

Plaintiff's claims against the state court judge should be dismissed on the basis of judicial immunity. A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ."); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). Only actions taken outside a judge's judicial capacity will deprive the judge of judicial immunity. *Stump*, 435 U.S. at 356–57. Plaintiff alleges no facts whatsoever to suggest that the defendant judge acted outside of his judicial capacity.

### 2. *Younger* Abstention

To the extent Plaintiff's claims relate to his state criminal proceedings in Reno County, Kansas, the Court would be prohibited from hearing Plaintiff's claims regarding his state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971). "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

4

Online records show that Plaintiff's criminal proceedings are ongoing. *See State v. Aich*, Case No. RN-2025-CR-000414 (District Court of Reno County, Kansas) (filed June 11, 2025).[1] The docket reflects that the case is currently "pending." *Id*. The docket reflects that a competency hearing is scheduled for October 31, 2025, and a preliminary hearing is scheduled for December 15, 2025. *Id*.

Plaintiff's state court criminal proceedings are pending and therefore the first and second conditions for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

Plaintiff should show good cause why the Court should not abstain from hearing his claims regarding his state court proceedings in the District Court of Reno County, Kansas.

---

[1] The docket reflects that the judge assigned to the case is Daniel Gilligan. Plaintiff names the defendant in this case as Daniel "Giligan." *See* Doc. 1, at 1.

### 3. Relief Requested

Plaintiff cites 18 U.S.C. §§ 242 and 245 in his request for relief, and asks this Court to arrest and fine the state court judge. Sections 242 and 245 are criminal statutes. Plaintiff does not have a private right of action to enforce criminal laws. As a general matter, federal criminal statutes that "do not provide for a private right of action" are "not enforceable through a civil action." *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007). Sections 242 and 245 do not provide a private right of action. *See Wood v. Wichita Police Dep't*, 2025 WL 2306213, at *3 (D. Kan. 2025) ("Because 18 U.S.C. § 242 is a criminal statute, it does not provide Plaintiff with a cause of action or a private right of action.") (citing *Tucker v. United States Ct. of Appeals for Tenth Cir.*, 815 F. App'x 292, 294 (10th Cir. 2020) (unpublished) ("Sections 241 and 242 are criminal statutes that do not provide for private civil causes of action. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ('[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.')[.]")); *see also Houck v. Gurich*, 515 F. App'x 724, 724–25 (10th Cir. 2013) (unpublished) ("18 U.S.C. § 242 does not create a private civil cause of action.") (citations omitted); *Hamilton v. Boyd*, 2016 WL 322725, at *3 (D. Colo. 2016) (finding that 18 U.S.C. § 245 is a criminal statute that does not provide the plaintiff with a private cause of action).

Further, the Court is not authorized to direct state or federal prosecutorial authorities to bring a criminal case against the Defendant. *See Maine v. Taylor*, 477 U.S. 131, 136 (1986) ("the United States and its attorneys have the sole power to prosecute criminal cases in federal courts"); *Lynn v. Cline*, 2019 WL 2578241, at *2 (D. Kan. 2019) ("This Court cannot order the initiation of criminal charges, which is a decision within the discretion of prosecuting attorneys.") (citing *Presley v. Presley*, 102 F. App'x 636, 636–37 (10th Cir. 2004) (holding that a court order for

"investigation and prosecution of various people for various crimes" would "improperly intrude upon the separation of powers")); *State ex rel. Rome v. Fountain*, 678 P.2d 146, 148 (Kan. 1984) ("[A] private individual has no right to prosecute another for crime and no right to control any criminal prosecution when one is instituted. Thus, the philosophy of this state has always been that a criminal prosecution is a state affair and the control of it is in the public prosecutor.").

## IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein.  Failure to respond by the deadline may result in dismissal of this matter without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **November 28, 2025,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

Dated October 28, 2025, in Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE
