IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JESSE AICH,

    **Plaintiff,**

    v.                                                                         CASE NO. 25-3231-JWL

DANIEL GILIGAN,

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. On October 28, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's response (Doc. 6).[1] Plaintiff's factual allegations and the Court's screening standards are set forth in detail in the MOSC.

Plaintiff's claims relate to his state court criminal proceedings, and he names the state court judge as the sole defendant. The Court found in the MOSC that Plaintiff's claims against the state court judge should be dismissed on the basis of judicial immunity. A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ."); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). Only actions taken outside a judge's judicial capacity will deprive the judge of judicial immunity.

---

[1] Plaintiff also filed an objection (Doc. 5) regarding the Court's assessment of an initial partial filing fee. Because this case is being dismissed, the Court will not be taking any action on Plaintiff's objection.

*Stump*, 435 U.S. at 356–57.  Plaintiff alleges no facts whatsoever to suggest that the defendant judge acted outside of his judicial capacity.

The Court also found in the MOSC that to the extent Plaintiff's claims relate to his state criminal proceedings in Reno County, Kansas, the Court would be prohibited from hearing Plaintiff's claims regarding his state court proceedings under *Younger v. Harris*, 401 U.S. 37, 45 (1971).

Plaintiff cites 18 U.S.C. §§ 242 and 245 in his request for relief and states that he would like to have the judge "arrested and fined as well as monetary damages." (Doc. 1, at 5.)  The Court found in the MOSC that §§ 242 and 245 are criminal statutes and Plaintiff does not have a private right of action to enforce criminal laws.  Further, the Court is not authorized to direct state or federal prosecutorial authorities to bring a criminal case against the Defendant.  *See Maine v. Taylor*, 477 U.S. 131, 136 (1986) ("the United States and its attorneys have the sole power to prosecute criminal cases in federal courts"); *Lynn v. Cline*, 2019 WL 2578241, at *2 (D. Kan. 2019) ("This Court cannot order the initiation of criminal charges, which is a decision within the discretion of prosecuting attorneys.") (citing *Presley v. Presley*, 102 F. App'x 636, 636–37 (10th Cir. 2004) (holding that a court order for "investigation and prosecution of various people for various crimes" would "improperly intrude upon the separation of powers")); *State ex rel. Rome v. Fountain*, 678 P.2d 146, 148 (Kan. 1984) ("[A] private individual has no right to prosecute another for crime and no right to control any criminal prosecution when one is instituted. Thus, the philosophy of this state has always been that a criminal prosecution is a state affair and the control of it is in the public prosecutor.").

The Court ordered Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.  In his response, Plaintiff continues to assert arguments

regarding his state court criminal proceedings. (Doc. 6, at 1–9.) Online records show that Plaintiff's criminal proceedings are ongoing. *See State v. Aich*, Case No. RN-2025-CR-000414 (District Court of Reno County, Kansas) (filed June 11, 2025).[2] The docket reflects that the case is currently "pending" with a preliminary hearing scheduled for December 15, 2025. *Id*. Therefore, the Court is prohibited from hearing Plaintiff's claims regarding his state court proceedings under *Younger*.

Plaintiff has failed to respond to the deficiencies noted in the MOSC and has failed to show good cause why this matter should not be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed without prejudice.**

**IT IS SO ORDERED**.

**Dated December 2, 2025, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**

---

[2] The docket reflects that the judge assigned to the case is Daniel Gilligan. Plaintiff names the defendant in this case as Daniel "Giligan." *See* Doc. 1, at 1.